**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Luis Quizhpi,<br><br>                              Plaintiff,<br><br>        -v-<br><br>212 Steakhouse, Inc., and<br>Nikolay Volper,<br><br>                              Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Luis Quizhpi ("Plaintiff" or "Quizhpi"), by Abdul Hassan Law Group, PLLC,

her attorneys, complaining of Defendants 212 Steakhouse, Inc., and Nikolay Volper (collectively

"Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly and
   pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i)
   entitled to unpaid overtime wages from Defendants for working more than forty hours in a
   week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all
   such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys'
   fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. §
   216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid
   overtime wages from Defendants for working more than forty hours in a week and not being
   paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week,
   pursuant to 12 NYCRR § 142-2.2 and 12 NYCRR § 146-1.4 (ii) entitled to unpaid minimum
   wages from Defendants for working and being paid less than the applicable New York State
   minimum wage rate for each hour he worked for Defendants in a week; (iii) entitled to an
   extra hour of pay for each day he worked a spread of hours of more than ten (10) hours
   pursuant to New York Minimum Wage Act and the regulations thereunder including 12
   NYCRR 146-1.6., and (iv) is entitled to maximum liquidated damages and attorneys' fees,
   pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq.,

including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Luis Quizhpi ("Plaintiff" or "Quizhpi") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. At all times relevant herein, Defendant 212 Steakhouse, Inc. ("212 Steakhouse") was a New York for-profit Corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Nikolay Volper ("Volper") who was in charge of the operations and management of 212 Steakhouse.

10. At all times relevant herein, Defendants individually, and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling,

managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants shared a place of business in New York County, New York at 316 E 53rd Street, New York, NY 10022.

12. At all times relevant herein, Defendants individually and/or jointly employed Plaintiff.

13. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in the food and restaurant business. See http://www.212steakhouse.com/

15. Upon information and belief, and at all relevant times herein, Defendants individually and/or jointly employed approximately ten or more employees.

16. Plaintiff Quizhpi was employed by Defendants from in or April 2016 to in or around November 2017.

17. At all times relevant herein, Defendants employed Plaintiff as an expediter/food runner/busser.

18. At all times relevant herein, Plaintiff was paid at an hourly rate of about $7.50 an hour plus some tips and Plaintiff was not paid any wages for his overtime hours (hours over 40 in a week) worked – Defendants misclassified Plaintiff as an overtime exempt employee.

19. At all times relevant herein, Plaintiff worked about 50-52 or more hours a week for Defendants, 5-6 days a week; but Plaintiff was not paid *any* wages for hours worked in excess of 40 in a week, for each week during his employment with Defendants.

20. At all times relevant herein, Defendants failed to pay Plaintiff at a rate of at least the NYS applicable minimum wage rate for each and all hours worked in a week, for each week

during his employment with Defendants.

21. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for 4 or more days each week of his employment for Defendants but was not paid an additional hour of pay for each such day in violation of 12 NYCRR 146-1.6.

22. A more precise statement of the hours and wages will be made when Plaintiff Quizhpi obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

23. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

24. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

26. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500,000.

27. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

28. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

29. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of food and other essential equipment

and supplies.

30. Defendants as a regular part of its business, make payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendants as a regular part of its business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

38. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period preceding the filing of this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant herein, Defendants misclassified Plaintiff, even though Plaintiff was at all relevant times, an employee of Defendants as a matter of law.

41. Plaintiff seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants under the Internal Revenue Code, and specifically, under the Federal Insurance Contributions Act ("FICA"). See 26 U.S.C. § 3121(b). U.S. v. MacKenzie  777 F.2d 811, 814 (2d Cir., 1985).

42. Plaintiff also seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants under the federal Fair Labor Standard Act and New York Labor Law under which Plaintiff sues herein. See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 141–42 (2d Cir.2008). Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir.1988).

43. The declarations of employee status sought by Plaintiff herein, will allow Plaintiff to seek certain tax contributions from Defendants, as well as make him eligible to seek a range of benefits that comes with employee status such as unemployment insurance benefits, as well as benefits offered by Defendants to its other employees and other benefits provided by law to employees. Plaintiff herein is seeking to recover all benefits that come with employee status that can be recovered in this action under law.

## AS AND FOR A SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning

of the FLSA.

46. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 206.

47. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

48. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

<u>**Relief Demanded**</u>

49. Due to Defendants' FLSA overtime wage violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

<u>**AS AND FOR A THIRD CAUSE OF ACTION**</u>
<u>**NYLL 650 et Seq. & 12 NYCRR 142, 146 (Unpaid OT + Min. wages + SOH)**</u>

50. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

52. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2., 12 NYCRR § 146-1.4.

53. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour

worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

54. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day during the period he was employed by Defendants but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR 146-1.6.

## Relief Demanded

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, minimum wages, spread of hours wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

56. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 55 above with the same force and effect as if fully set forth at length herein.

57. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

58. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime and overtime wages, minimum wages and spread of hours wages, within the time required under NY Labor Law § 190 et seq.

59. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing

Defendants to comply with NYLL 195(1).

60. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

61. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

62. Declare Defendants to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

63. As to his **First Cause of Action**, issue a declaratory judgment that Plaintiff at all relevant times was an employee of Defendant under the Internal Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL.

64. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wage compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

65. As to his **Third Cause of Action**, award Plaintiff his unpaid overtime wage compensation, minimum wages, and spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 12 NYCRR 146-1.4, 12 NYCRR 142-2.4, 12 NYCRR 142-2.1, 12 NYCRR § 146-1.6, 12 NYCRR § 146-1.2,

together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

66. As to his **Fourth Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

67. Award Plaintiff prejudgment interest on all monies due.

68. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

69. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**December 14, 2018**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com