UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUIS QUIZHPI,

                     Plaintiff,

      v.

212 STEAKHOUSE, INC., and NIKOLAY VOLPER,

                     Defendants.

-----------------------------------------------------------------X

**CASE NO.: 1:18-cv-11710-JMF**

**ANSWER**

Defendants 212 STEAKHOUSE, INC. and NIKOLAY VOLPER (hereinafter referred to as the "Defendants"), by their attorney, Law Offices of Mitchell S. Segal, P.C., as and for their answer to Plaintiff's Complaint (the "Complaint"), deny each and every allegation contained in the Complaint except as admitted or otherwise qualified herein, and alleges on knowledge with respect to themselves and their own acts and on information and belief as to all other matters that they:

## NATURE OF THE ACTION

1. The Defendants deny the allegations contained in Paragraph "1" of the Complaint.

2. The Defendants deny the allegations contained in Paragraph "2" of the Complaint.

3. Paragraph "3" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

## JURISDICTION AND VENUE

4. Paragraph "4" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

5. Paragraph "5" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

6. Paragraph "6" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

## THE PARTIES

7. The Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "7" of the Complaint.

8. The Defendants admit the allegations contained in Paragraph "8" of the Complaint.

9. The Defendants admit the allegations contained in Paragraph "9" of the Complaint.

10. The Defendants admit the allegations contained in Paragraph "10" of the Complaint.

11. The Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12. The Defendants admit the allegations contained in Paragraph "12" of the Complaint.

13. The Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "13" of the Complaint.

## STATEMENT OF FACTS

14. The Defendants admit the allegations contained in Paragraph "14" of the Complaint.

15. The Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16. The Defendants deny the allegations contained in Paragraph "16" of the Complaint.

17. The Defendants admit the allegations contained in Paragraph "17" of the Complaint.

18. The Defendants deny the allegations contained in Paragraph "18" of the Complaint.

19. The Defendants deny the allegations contained in Paragraph "19" of the Complaint.

20. The Defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. The Defendants deny the allegations contained in Paragraph "21" of the Complaint.

22. Paragraph "22" of the Complaint asserts conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "22" of the Complaint.

23. The Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24. The Defendants deny the allegations contained in Paragraph "24" of the Complaint.

25. The Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. The Defendants admit the allegations contained in Paragraph "26" of the Complaint.

27. The Defendants admit the allegations contained in Paragraph "27" of the Complaint.

28. The Defendants deny the allegations contained in Paragraph "28" of the Complaint.

29. The Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30. The Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. The Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. The Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33. The Defendants deny the allegations contained in Paragraph "33" of the Complaint.

34. The Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. The Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. Paragraph "36" of the Complaint asserts conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37. The Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "37" of the Complaint.

38. Paragraph "38" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "38" of the Complaint.

## FIRST ALLEGED CAUSE OF ACTION

39. Defendants repeat and re-allege each and every answer to Paragraphs "1" through "38" as if fully set forth herein.

40. The Defendants deny the allegations contained in Paragraph "40" of the Complaint.

41. Paragraph "41" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42. Paragraph "42" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "42" of the

Complaint.

43. Paragraph "42" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "42" of the Complaint.

## SECOND ALLEGED CAUSE OF ACTION

44. Defendants repeat and re-allege each and every answer to Paragraphs "l" through "43" as if fully set forth herein.

45. The Defendants admit the allegations contained in Paragraph "45" of the Complaint.

46. The Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47. The Defendants admit the allegations contained in Paragraph "47" of the Complaint.

48. The Defendants deny the allegations contained in Paragraph "48" of the Complaint.

49. The Defendants deny the allegations contained in Paragraph "49" of the Complaint.

## THIRD ALLEGED CAUSE OF ACTION

50. Defendants repeat and re-allege each and every answer to Paragraphs "l" through "49" as if fully set forth herein.

51. Paragraph "51" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52. The Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53. The Defendants deny the allegations contained in Paragraph "53" of the Complaint.

54. The Defendants deny the allegations contained in Paragraph "54" of the Complaint.

55. The Defendants deny the allegations contained in Paragraph "55" of the Complaint.

## FOURTH ALLEGED CAUSE OF ACTION

56. Defendants repeat and re-allege each and every answer to Paragraphs "l" through "55" as if fully set forth herein.

57. The Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58. The Defendants deny the allegations contained in Paragraph "58" of the Complaint.

59. The Defendants deny the allegations contained in Paragraph "59" of the Complaint.

60. The Defendants deny the allegations contained in Paragraph "60" of the Complaint.

61. The Defendants deny the allegations contained in Paragraph "61" of the Complaint.

## PRAYER FOR RELIEF

62. The Defendants deny the allegations contained in Paragraph "62" of the Complaint.

63. The Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64. The Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65. The Defendants deny the allegations contained in Paragraph "65" of the Complaint.

66. The Defendants deny the allegations contained in Paragraph "66" of the Complaint.

67. The Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68. The Defendants deny the allegations contained in Paragraph "68" of the Complaint, including any claim for relief set forth in Plaintiffs' "WHEREFORE" clause in the Complaint.

69. The Defendants deny the allegations contained in Paragraph "69" of the Complaint.

## ADDITIONAL AVERMENTS

70. Defendants deny all claims and allegations in the Complaint not unequivocally admitted herein.

## AFFIRMATIVE DEFENSES

71. Without assuming a burden as to any of the following Affirmative Defenses where the law does not impose such a burden, Defendants assert the following Affirmative Defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73. Plaintiff has received payment of all sums which may have been due under the Fair Labor Standard Act ("FLSA") and the New York Labor Law ("NYLL") and their respective regulations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74. Plaintiff is guilty of laches which bar certain of their claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75. Plaintiff is guilty of unclean hands which bar certain of their claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76. Without conceding the burden of proof on such issue, at all times, Defendants acted lawfully and in good faith and in a non-reckless manner and, although they deny the allegations of unlawful conduct as set forth in the Complaint, they had reasonable grounds for believing that the acts or omissions alleged in the Complaint were not violative of the FLSA and the NYLL and their respective regulations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77. Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the United States and New York State Department of Labor.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

79. The Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate their damages or otherwise avoid harm.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and NYLL.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

81. Assuming, *arguendo,* that Plaintiff is entitled to any compensation for overtime, any time spent in any preliminary or postliminary activities by Plaintiff must be excluded from compensable hours.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

82. The Complaint is barred, in whole or in part, pursuant, *inter alia,* to the Portal-to- Portal Act and the FLSA.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

83. Neither the Complaint nor any of its causes of action states a claim upon which an award of attorneys' fees may be assessed against Defendants.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

84. Defendants reserve the right to present evidence, if such evidence exists, demonstrating that Plaintiff engaged in misconduct of such severity that the Plaintiff would has been terminated if Defendants had known of the misconduct at the time it took place, thereby barring any claim for damages and/or other relief on behalf of the Plaintiff after that date.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

85. To the extent that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, Defendants assert that defense.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

86. Defendants are not an Employer covered by the FLSA and/or the NYLL.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

88. Plaintiff cannot establish a willful violation under either the FLSA and/or NYLL.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

89. Plaintiff has named us as an improper Defendants as we are not an "Employer".

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

90. The Defendants are not a "covered enterprise" under the FLSA and as such the Plaintiff has no claims under the FLSA.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

91. In addition to the foregoing defenses, Defendants retain the right to amend his Answer to raise additional affirmative and other defenses as those defenses becomes known during this litigation.

### JURY DEMAND

92. Defendants demand a trial by jury.

WHEREFORE, Defendants respectfully request a judgment,

1. Dismissing the Complaint in its entirety, with prejudice;
2. Denying each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;
3. Awarding Defendants reasonable attorney fees and costs incurred in defending against this meritless action, and
4. For such other and further relief as to this Court deems just and proper.

Dated: Great Neck, New York
February 10, 2019

LAW OFFICES OF MITCHELL S. SEGAL, P.C.
By: /s/ Mitchell S. Segal
Mitchell S. Segal, Esq. (MS4878)
*Attorney for Defendants*
1010 Northern Boulevard, Suite 208
Great Neck, New York 11021
Ph (516) 415-0100
Fx (516) 706-6631
msegal@segallegal.com

To: Abdul K. Hassan, Esq.
Abdul Hassan Law Group, PLLC
*Attorney for Plaintiff*
215-28 Hillside Avenue
Queens Village, New York 11427
Ph (718) 740-1000
Fx (718) 740-2000
abdul@abdulhassan.com