```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                                  Docket #18cv11710
QUIZHPI,                                  :

                    Plaintiff,            :

   - against -                            :

STEAKHOUSE, INC., et al.,                 : New York, New York
                                            April 16, 2019
                    Defendants.           :

------------------------------------------:

                         PROCEEDINGS BEFORE
                   THE HONORABLE GABRIEL GORENSTEIN
              UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          ABDUL HASSAN LAW GROUP, PLLC
                        BY:  ABDUL K. HASSAN, ESQ.
                        215-28 Hillside Avenue
                        Queens Village, New York 11427

For Defendants:         LAW OFFICES OF MITCHELL S. SEGAL, PC
                        BY: MITCHELL S. SEGAL, ESQ.
                        1010 Northern Boulevard, Suite 208
                        Great Neck, New York 11021




Transcription Service:  Carole Ludwig, Transcription Services
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:    (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---|---|---|---|---|

None

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|

None

THE CLERK:  In the matter of Quizhpi versus 212 Steakhouse, docket number 18cv11710, counsel, please state your appearance for the record and introduce your client.

MR. ABDUL HASSAN:  Your Honor, Mr. Abdul Hassan for the plaintiff, Mr. Luis Quizhpi, who is also present in the courtroom, good afternoon.

MR. MITCHELL SEGAL:  Mitchell Segal for all of the defendants, I have Nikolay Volper, individual defendant, as well as the corporate representative.

THE COURT:  Okay, welcome everyone, have a seat and let me tell you a little bit about our process. First, this is off the record, so I'm going to ask the clerk to turn off our taping system.

(OFF THE RECORD)

THE COURT:  All right, we're back on the record.  The parties, we've had a settlement conference, the parties have reached an agreement on the terms of the settlement. The parties have signed a consent form and assuming it's accepted Judge Furman I'm giving them the opportunity now to make the application orally under *Cheeks*. So I'll hear from plaintiff's counsel.

MR. HASSAN:  Yes, Your Honor, thank you very much. So the parties have reached a gross settlement

                                                                    4

of $20,000. Of that amount, after a one-third fee we have costs of $558 dollars which consists of a $400 filing fee and $158 to serve the corporate defendant and the individual defendant. That leaves us with a net settlement of $19,442. Of that, the legal fee would be one-third, a little less than one-third, which will be $6,480. Of the remaining portion after fees and costs the plaintiff will be left with, let me see, $12,962. Usually that's split in two, with half of it going to W-2 wages and half of it for liquidated damages and penalties, et cetera, to be reported in a 1099 box 3.

        THE COURT:  Is that all right with you guys?

        MR. HASSAN:  Could you do that, like one W-2, one 1099 check?

        MR. SEGAL:  Sure.

        MR. HASSAN:  One of the terms and conditions of the settlement, it's to be paid in eight monthly installments with the first payment due 30 days from today, or 10 days after Court approval, whichever is later, and the subsequent payments monthly after the date the first payment is due.  The checks to the plaintiff will be made out to the plaintiff, the W-2 check and the 1099 check, and the check to my firm

5

will be made out to my firm.  The settlement is fair and reasonable under the circumstances because, based on the time records, it fully compensates the plaintiff for his unpaid FLSA overtime wages which, in terms of the records, are about 400 bucks. And then it fully compensates them for all unpaid wages, including the minimum wages due under New York State law.

The additional monies, it also compensates for liquidated damages, if you double that amount of approximately $4,000, and then the remaining monies can be attributed to penalties under New York Labor Law. The one-third fee is usually a standard fee, but even if you cross-check it hourly it will be less than the hourly fee in this case. And for those reasons, as well, I would say, given the instalment nature of the plan, it looks like the ability to pay is an issue and even though the plaintiff may have a strong case on liability, collecting any resulting judgment may be a problem if the case continues through litigation. There is also other risk of litigation, costs, time, delays, aggravation, and so on, and I think it's in the best interests of both sides to settle their differences and make compromises. And in this case, as I said, it looks like there is adequate and full

compensation for the wages at issue. For those reasons I think this settlement should be approved under the *Cheeks* decision.

THE COURT: All right, there is also a term that if there is a failure to make a payment you're going to give, I assume, a notice and an opportunity to cure?

MR. HASSAN: Yes, Your Honor, in the event of a default to make a payment we will provide notice by email to defense counsel, and with a 10 day period to cure. If the default is not cured within 10 days, plaintiff will be entitled to a judgment against both defendants individually and jointly for double the amount outstanding plus the cost of addressing the default and collecting any outstanding money.

THE COURT: All right, are the terms of the settlement accurately stated, by the way?

MR. SEGAL: Yes.

THE COURT: All right.

MR. HASSAN: And by way of clarification, cost would include attorney's fees --

THE COURT: For collection, cost of collection includes attorney's fees. Are you planning to do a written document?

```
                                                              7
 1
 2            MR. HASSAN: No, Your Honor, this is fine with
 3   us. We'll get the transcript, we'll order the
 4   transcript.
 5            THE COURT:  All right. So Mr. Quizhpi, do you
 6   understand the terms of the settlement?
 7            MR. LUIS QUIZHPI:  Yes.
 8            THE COURT:  Okay.  Did you have a chance to
 9   discuss it with your lawyer?
10            MR. QUIZHPI:  Yes.
11            THE COURT:  Do you need any further time to
12   discuss it with him?
13            MR. QUIZHPI:  No.
14            THE COURT:  Are you agreeing to this
15   settlement?
16            MR. QUIZHPI:  Yes.
17            THE COURT:  All right.  You are Mr. Volper?
18            MR. VOLPER:  Yes, Your Honor.
19            THE COURT:  Okay, did you understand the terms
20   of this settlement?
21            MR. VOLPER:  Yes, sir.
22            THE COURT:  Do you understand that you will be
23   personally liable if the payment is not made?
24            MR. VOLPER:  Yes, sir.
25            THE COURT:  Did you have a chance to discuss
```

```
                                                              8
 1
 2  it with your attorney?
 3           MR. VOLPER:  Yes.
 4           THE COURT:  Do you need further time to
 5  discuss it with him?
 6           MR. VOLPER:  No.
 7           THE COURT:  Are you agreeing to this
 8  settlement?
 9           MR. VOLPER:  Yes, sir.
10           THE COURT:  Are you authorized to agree to it
11  on behalf of 212 Steakhouse, Inc.?
12           MR. VOLPER:  Yes, sir.
13           THE COURT:  All right, anything else the
14  plaintiff wants me to ask?
15           MR. SEGAL:  Your Honor, if I may?
16           THE COURT:  Yes.
17           MR. SEGAL:  You're not drafting a settlement
18  agreement so in that case I also want it acknowledged
19  that the plaintiff releases the defendant from all
20  labor related claims under the Fair Labor Standards
21  Act, the New York Labor Law, and any other applicable
22  law, from the time he began employment to the date
23  today, and any claims that are included in the
24  complaint get released, as well as any claims he could
25  have brought within the complaint based on those labor
```

9

laws.

THE COURT: Okay, I mean I'd be happy to have you send him a release to sign if you want to do that. You'd rather do it orally?

MR. SEGAL: I'd rather have a release, to be honest with you.

THE COURT: Yes, I assumed a release was part of this.

MR. HASSAN: The only issue is the Judge has the ultimate say in the scope of the release and so usually what I, what the parties agree to, whatever is the broadest release allowable under *Cheeks,* we agree to that. So Your Honor can just make a ruling --

THE COURT: I'm happy with a general release, so if you want to do that, that's fine with me. Do you want to send it to him?

MR. SEGAL: Sure.

THE COURT: Okay. And you have to get him to sign it. Sir, do you understand that you can't sue these people for anything that ever happens, this is now the end of your relationship with them, anything from the beginning of the world to today you can't sue them for it, do you understand?

MR. QUIZHPI: Yes.

```
                                                                   10
 1
 2            THE COURT:  Okay.  Is that all right with you?
 3            MR. SEGAL:  Yes.
 4            THE COURT:  Okay.  I think we're done.  All
 5   right, thank you everyone.
 6            MR. HASSAN:  Thank you, Your Honor.  Thank you
 7   very much.
 8            MR. SEGAL:  Thank you, Your Honor.
 9                 (Whereupon the matter is adjourned.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

                                                                11

                          C E R T I F I C A T E


         I, Carole Ludwig, certify that the foregoing
transcript of proceedings in the United States District
Court, Southern District of New York, Quizhpi versus 212
Steakhouse, Inc., et al., Docket No. 18cv11710, was
prepared using digital electronic transcription equipment
and is a true and accurate record of the proceedings.




Signature_____*Carole Ludwig*_____


Date:  May 24, 2019